Chief Justice Suttell, dissenting. The majority decries the lack of a clarion call signaling legislative intent and observes that it, therefore, must grapple with the sounds of silence. Ybt it hears a veritable symphony within that statutory silence. The first movement is a lively allegro of statutory references and cross-references in which the majority seeks .to create dissonance and ambiguity. It reads into the post-1980 version of G.L, 1956 § 45-21,2-10 the pre-1980 references to G.L. 1956 §§ 45-21-23 and 45-21-24, references which the General Assembly conspicuously omitted in the 1980 amendment (P.L. 1980, ch. 59, § 2). The majority then looks to the cross-reference in the post-1980 version of § 45-21.2-10 to § 45-21-22 and opines that the.General Assembly may have intended that one “simple cross-reference” to encompass other sections of chapter 21 of title 45 — notwithstanding the fact that it removed .the specific cross-references to §§ 45-21-23 and 45-21-24. The majority also- finds disharmony in § 45-21.2-10 by examining, the “blunt language” of §§ 45-21-23(a) and 45-21-24(b) which provide that these latter sections apply to “any disability annuitant.” Finally, in a climactic crescendo, the majority notes that further ambiguity is created by § 45-21.2-4, which provides that the optional retirement system under chapter 45-21.2 is to be “administered in the same manner provided in chapter 21.” Yet it turns a deaf ear to the second verse ■ of § 45-21.2-4 that “where the provisions of [chapter 21] conflict with [chapter 21.2], then the provision of * * * chapter [21.2] control.” In the second movement, more’ of an adagio, the majority attempts to resolve the discord it has perceived by construing § 45-21.2-10 in a mariner that is “reasonable, fair, and harmonious.” It does so by scoring back into § 45-21.2-10 the independent medical examination and income-reporting requirements of §§ 45-21-23 and 45-21-24. Finally, the concluding coda poses a rhetorical question involving an injured, but fully recovered, policeman with a multimillion-dollar baseball contract. Although I applaud the compositional skills of the majority, I respectfully must depart from its analysis. In my view, § 45-21.2-10 does not result in an aúditory void, nor does it create ambiguity. Rather, in very clear and crystallirie notes it prescribes the amount of retirement allowance for accidental disability for police and firefighters under the optional retirement system created by chapter 21.2. Section 45-21.2-10 provides in its entirety: “The amount of retirement allowance for accidental disability is that as prescribed in § 45-21-22[,]” which section is itself clear and unambiguous.[8] One need and ought to go no further. Neither §§ 45-21.2-10 nor 45-21-22 reprise the requirements of §§ 45-21-23 and 45-21-24. I might agree with my colleagues in the majority, that, as a matter of policy, an accidental disability beneficiary under chapter 21.2 of title' 45 should be. subject to periodic medical examinations and a reduction of disability allowance if gainfully employed. The situation before us concerning Mr. Grasso is -a prime example; and, ■a fortiori, the multimillion-dollar .baseball player scenario approaches the absurd. Yet there are legitimate reasons for treating police and firefighters who receive an accidental disability retirement allowance differently from other accidental disability beneficiaries. In my view, it is. a question of policy properly assigned to the legislature. I am simply not prepared to attempt to divine what the General Assembly intended to mean when it spoke in such clear and comprehensible language. Consequently, I respectfully dissent. . General Laws 1956 § 45-21-22 provides: "Upon retirement for accidental disability, a member receives a retirement allowance equal to sixty-six and two-thirds percent (66⅜%) of the rate of the member's compen.sation at the date of the member’s retirement subject to the provisions of § 45-21-31.” Section 45-21-31 concerns an offset for workers' compensation benefits or damages received in a personal injury action; it has no bearing on the issues raised in this appeal.